Revised 12/01/2010

# United States Bankruptcy Court
## Western District of Missouri

| | |
|---|---|
| In re: **David Lynn Campbell** | Case No. **15-50275** |
| **Cindy Lynn Campbell** | |
| Debtor(s) | SSN: **xxx-xx-1126** |
| | SSN: **xxx-xx-6906** |

## CHAPTER 13 PLAN AND PLAN SUMMARY - AMENDED

☐ A check in this box indicates that this plan contains deviations from the standard provisions of the model plan adopted by the court at the time of its filing. If changes have been made to the pre-printed text of the model plan form and this box has not been checked, such changes are null and void.

☑ Debtor (and joint debtor if applicable) certifies that all tax returns due for the four tax years prior to the petition date have been filed.

☐ Debtor(s) has/have not filed all tax returns due for the four tax years prior to the petition date. The tax return(s) that have not been filed are the following returns and year due: ____.

☐ Original plan                    ☑ Above median
☑ Amended plan                 ☐ Below median

**YOUR RIGHTS WILL BE AFFECTED**. You should read these papers carefully and discuss them with your attorney. Any party who wishes to oppose any provision of this plan must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed with the clerk of the court before the deadlines specified in Local Rule 3083-1(D) and (E).

Unless otherwise noted, all statutory references are to Title 11 of the United States Code and all references to "court" are to the United States Bankruptcy Court for the Western District of Missouri.  See Plan Provisions section for definitions.

1. **PLAN PAYMENT:** Debtor shall pay **$3750** per month from future earnings to the standing Chapter 13 trustee.

    a. ☑ Direct payment: from debtor(s) to trustee; or

    b. ☐ Voluntary Wage Assignment to Employer:

| Debtor's Name | Monthly Amount | Employer's Name | Street Address / City, State & Zip |
|---|---|---|---|
| | | | |
| | | | |

12. **NON-PRIORITY UNSECURED CREDITORS**

    a. If debtor has both non-exempt equity (requiring a LAP) and disposable income (requiring a DIP), the type of plan selected should be the option which provides the greatest dividend to non-priority unsecured creditors and complies with §1325(b) if less than a 100% dividend.

    b. To the extent that the debtor is entitled to tax refund which is a prepetition asset, the non-exempt portion thereof which either is not properly setoff, or which is not already provided for under the terms of the plan for the benefit of the unsecured creditors shall be turned over to the trustee for the benefit of the filed and allowed unsecured creditors.

    c. To the extent debtor has a pending or potential lawsuit or other administrative proceeding, whether or not such cause of action is listed on Schedule B, any net, non-exempt proceeds which become liquidated during the applicable commitment period shall be turned over to the trustee for the benefit of unsecured creditors absent other court order and absent other agreement with the trustee.

    d. Choose only *one* treatment of non-priority unsecured creditors below:

        i. ☐ A dividend of 100%.

  **ii.** ☑ A dividend of 0%.

  **iii.** ☐ A base plan.  The base is __ months of payments.

  **iv.** ☐ Liquidation Analysis Pot (LAP)

   There is non-exempt equity of $__

  **v.** ☐ Disposable Income POT - 60 months (DIP-60)

   The DIP-60 amount is $__ (60 x $__ monthly disposable income as calculated on Form B22C).

  **vi.** ☐ Disposable Income POT - 36 months ("DIP-36")

   The DIP-36 amount is $__ (36 x $__ monthly disposable income)

**13.** **OTHER REMARKS OR PROVISIONS**

**Special Intentions:**
**JNP LLC: Debtor(s) intend to avoid lien.** *Order Granting Motion to Avoid Lien filed August 5, 2015.*

**Plan is amended to correct the amounts owed to the IRS as priority debt and secured debt, to correct balances owed on vehicles pursuant to claims filed which caused amendments to EMAs, to increase the plan payment to allow the plan to amortize within 60 months, and to add the following language regarding the secured tax lien of the IRS:**

**The Trustee shall pay the secured tax claim of the IRS in full pursuant to 11 USC 511(a).  If the claim does not provide for the non-bankruptcy applicable interest rate, it will be paid at the Chapter 13 rate.**

**\*Plan is amended to increase the plan payment to allow the plan to amortize within 60 months, after the filing of a Motion to Suspend,  and to change the type of plan.**

Date: April 19, 2016

Chapter 13 Debtor: /s/ David L. Campbell
       **David Lynn Campbell**

Chapter 13 Debtor: /s/ Cindy L. Campbell
       **Cindy Lynn Campbell**

By: **/s/ Noah J. Briles**
 Attorney name: **Noah J. Briles 41473**
 Attorney address: **918 Francis Street**
       **St. Joseph, MO 64501**
 Attorney phone number: **816-232-6265**

Revised 12/01/2010

# CERTIFICATE OF SERVICE

    I hereby certify that on  **April  19, 2016** , a copy of the foregoing was served electronically or by regular United States mail to all creditors of record and the Chapter 13 Trustee.

    **/s/ Noah J. Briles**
**Noah J. Briles 41473**
Attorney for Debtor(s)
**Noah J. Briles Law Office**
**918 Francis Street**
**St. Joseph, MO 64501**
**816-232-6265 Fax:816-279-4483**
**nbriles@stjoelive.com**